524-0811, Kingford County Watchdogs v. Paris Union School District No. 95 And counsel for the accountant, please state your name. Good morning, Your Honor. It's Josh Logie. Okay. I couldn't read your signature. That's a common issue. Okay. Mr. Logie, is that how you pronounce it? Yes, sir. All right. You may proceed. Your Honor, before I begin, I'm blind. So I would appreciate it if somebody, if I get the light, I don't know that I'll be able to tell. So rather than keep everybody here all morning, if somebody could maybe give me a heads up. Well, we won't let somebody sit here all morning. But I'll ask the clerk of the courts to give you, how would you prefer that? Would you like a knock? That'd be great. Yes. That'd be great. How many minutes would you like into like a two-minute warning? That would be fantastic. Okay. We'll knock a couple of times when you have two minutes left. Thank you so much. I appreciate it. Thank you. Thank you. May I please have the court? Counsel? Good morning again, Your Honors. I'm Josh Logie on behalf of the appellant, Edgar County Watchdog. Your Honors, because the circuit court ordered defendant to produce the record that plaintiff was seeking, the copy of the subpoena sent to the Perry Community School District, subject to limited redactions, and because, in fact, the appellant did produce that subpoena to plaintiff, there are only two issues this court may consider this morning. First, whether the circuit court was correct in its determination that names included on the subpoena could be redacted under FOIA's privacy exemption, which we maintain it was not correct in doing so. And second, whether the circuit court was correct when it held that plaintiff was not a prevailing party for purposes of FOIA. And once again, it's our position that the circuit court was not correct in that determination. So I'd like to begin with the privacy exemption. FOIA's privacy exemption 7.1c permits public bodies to withhold portions of records that implicate a privacy that would constitute an unwarranted invasion of personal privacy for individuals. Now, importantly, sort of dispositively to this issue, that provision also states that where a given record bears on the duties, the public duties of public employees or officials, it is not considered an unwarranted invasion of privacy. So definitionally, where the public duties of a public official are implicated by the record, 7.1c does not apply. And so the court need not conduct any level of analysis into the extent of that privacy interest, nor need it consider what public interest there is in producing the records. Here, we are presented with, again, a subpoena sent by the Department of Justice to the appellee. And all that has been redacted at this point are the names that the subpoena included, and the names of the employees, the particular employees that the grand jury was interested in seeking records about. And it's clear on its face that these are the exact types of records contemplated by 7.1c. These are records that bear directly on the duties of those public employees. We know that because, among many other things, some of the categories that the grand jury was seeking in the subpoena were personnel files, disciplinary history, as well as things more routine like requests that those given employees had made for equipment allocations or actual equipment that records reflecting equipment that had been distributed to those employees. Those are all things that occur very naturally in the course of a person's employment. We also know from the case law interpreting this portion of 7.1, or of the privacy exemption, the Geekas, namely the Geekas v. Williamson decision, that, again, this is the exact type of material that is exempt from, or I should say not covered by 7.1c. And in Geekas, we were dealt with a similar instance. In that case, the court faced a request for third-party complaints directed at law enforcement officers. And the court concluded that those complaints, whether or not they were sustained, because I think that's an important note here, so whether or not that complaint was ultimately validated, those complaints did, in fact, bear on the duties of those law enforcement officers. The Geekas proclaimed that anything that is relevant to, related to, or refers to those public duties is what is contemplated by that language at 7.1c. And so for those reasons, the court need not go any farther in determining whether or not these records could be released because 7.1c, as a definitional matter, doesn't apply. That's not to say that we're going to go through the balancing test that 7.1c applies, balancing the significant public interest in understanding, you know, how public funds are used and as well as, you know, what is going on with public bodies against any privacy interest. That's not to say we concede that a compellent wouldn't come out in favor there. We simply don't need to do that analysis. The second issue I'd like to address is whether or not plaintiff is a prevailing party under FOIA's Section 11. And a requester can prevail for purposes of FOIA and for purposes of attorney fees in two different ways. First, where that party receives court-ordered relief. And second, where that party's lawsuit was the cause for the relief that plaintiff sought. So that comes up, as I'll discuss in a moment, in situations where, for example, the public body has a voluntary change in position. That is, this is what's often called the catalyst theory. So a plaintiff's lawsuit was the catalyst for the relief they sought. But I'd like to start, if I can, with the court-ordered relief portion, because I do think in this instance, that's the straightest line forward here. It's the simplest solution. It also happens to be the correct one. In its ruling on this plaintiff's motion for summary judgment and defendant's motion dismissed, the circuit court issued an order compelling defendant to produce the record plaintiff was seeking. It wasn't a suggestion from the court. There was no indication that there was any level of, you know, asking the public body to rely on their discretion to release the record. The court was very clear that it was ordering the appellee to produce the record subject to both limited redactions, and it gave them seven days to do so. Now, at that time, appellee could have moved to reconsider that order. It could have brought an appeal to this court challenging the validity of that order, had it felt that it was improper. It did neither of those things. Instead, at that time, they complied with the court's order and produced the subpoena subject to the redactions that the court identified, again, that I've already discussed. And then plaintiff appealed that redaction as well as the court's determination that plaintiff was not a prevailing party despite its order that this record be released. And so for purposes of 11i of FOIA, that is sufficient to entitle plaintiff to prevailing party status. Courts have made it very clear throughout the years that the degree to which a requestor prevailed is not relevant to the determination of whether or not they're entitled to attorney fees. It could be relevant to what extent they prevailed in that fee petition, but that's not the issue before the court. The issue before the court is whether or not we can even get to the question of what is a reasonable amount of attorney's fees. And given the court's order that defendants should produce the record and given their compliance with that order, that's exactly the position we find ourselves in. But taking for a moment defendants' argument at face value that they were changed circumstances or some other external factor that led to them producing the record, catalyst theory still is instructive in this particular instance. Because were it not for plaintiff's lawsuit, the parties would not have been in a position for defendant to reconsider their position that this record was exempt. It should be unredacted. Two, I do also want to note that there's some discussion on the record between the circuit court judge and counsel as to these changed circumstances. But I will note that there is no evidence on the record that there were, in fact, any changed circumstances that would warrant this record being released when it was. And, in fact, if you consider defendants' position that FOIA section 7, exemption 71A prevents it from producing any grand jury subpoena, there's no temporal restriction on that exemption. And there's no suggestion at any time that the law had changed at that time. And there's no suggestion that the appellee had contacted the U.S. attorney with whom it had been in contact with previously and got an updated position from the U.S. attorney. So there's no actual indication that there were any changed circumstances at the time that the court issued its order. And so all we are left to infer is that appellee made a voluntary change in their position at that time and found that, for whatever reason, their original position did not apply to the subpoena. And so they withdrew those redactions and produced them to plaintiff. And under cases like Uptown People's Law Center and Martinez v. Springfield, it is clear that that is sufficient for a plaintiff to be a prevailing party. And that makes sense as a matter of policy because, at that point, a public body could produce the records at any point in litigation and short-circuit a requester's ability under FOIA that the legislature created this right to recover attorney fees for the time and expense they incurred in litigating the FOIA request. And that, I think, brings us sort of to what we would ask this court to do. We would ask this court to find that the circuit court's determination that the names on the subpoena were exempt under 717 was incorrect and reverse that determination and also reverse the circuit court's determination that plaintiff was not a prevailing party for purposes of FOIA and remain this case for plaintiffs for production of the unredacted record as well as plaintiff's fee petition. I'm happy to take any other questions if the court has any. No questions now. Thank you very much, Your Honor. So let me ask you a question. Let's suppose that we adopt your position as to the issuance of the names. Can you then become the prevailing party under the appellate procedure? Yes, Your Honor. In that instance, plaintiff would be the prevailing party for purposes of FOIA. So if Your Honor were to conclude that the circuit court improperly upheld defendant or, excuse me, appellee's redactions under 717, then yes, plaintiff would be the prevailing party there. You need not necessarily even reach the question of the lower court's finding that plaintiff is not a prevailing party. And so I'm – and that's what I was thinking. And then the request for fees, for example, as to the prevailing party would relate back to the issuance of the lawsuit, the catalyst, as you say, because you requested the names at the time of the litigation, et cetera. You're saying – In other words, when you put your petition in for fees as the prevailing party, are you limited to the appellate process or do you get to go all the way back to the institution of the lawsuit? No, Your Honor. You would be able to go back to the institution of the lawsuit because that was the entire process necessary to get the relief plaintiff was ultimately seeking. And there's numerous cases that support the position that plaintiff is actually entitled to fees for both actually preparation of the fee petition, but also the litigation of any potential appeal and resolution. And again, not at the circuit court. So, yes, the plaintiff would be entitled to file a fee petition based starting on the – when the lawsuit was initiated. Okay. Thank you. Thank you. Mr. Barber? Thank you. Thank you, Your Honor. All right. You'll have a few minutes after your opposing counsel speaks to give us rebuttal. Thank you, Your Honor. All right. All right. Ms. May? May it please the Court, counsel. I'm Jane May for the Paris Union School District. Plaintiff is not the prevailing party in this case under any analysis, and the lower court's ruling should be affirmed. Courts from the Supreme Court of the United States down to the lower courts in this State and others recognize that grand jury secrecy is of paramount importance to our system of justice. And the lower court's ruling in this case rightly took into account the fact that plaintiff had sent this FOIA request for the grand jury subpoena to the district just two days after the subpoena had been served on the district. And releasing it at that time to the plaintiff would have seriously compromised the integrity of a grand jury investigation and also violated privacy interests of people who had been named in the subpoena but to date have not been charged. The district presented the lower court with two letters written on behalf of the Department of Justice, wherein the Department of Justice strongly objected to disclosure based on the interference with the investigation. The district also presented the court with the unredacted subpoena itself for in-camera inspection, and that evidence was more than sufficient to establish interference in the investigation. Federal courts and State courts, starting with the Supreme Court's opinion in Douglas Oil, have recognized the many ways that grand jury proceedings are hampered if secrecy is breached. Witnesses or targets are revealed. The strategy, scope, direction of the investigation is disclosed. Witnesses could be hesitant to come forward, or they might not testify truthfully. Or witnesses could be open to retribution or inducements. Targets might flee, and persons who are ultimately not charged with any crime are subject to having their good reputation smeared. These are serious concerns that are recognized from the Supreme Court on down, and they shouldn't be ignored. And even just a cursory look at the unredacted subpoena demonstrates that over 17 pages, it lays out in painstaking detail the evidence that was being sought by the grand jury, as well as the identities of persons named who we don't know if they were targets, were they witnesses, were they incidentally identified? We don't know. Only the grand jury would know. And on this record, the trial court correctly granted the district's motion to dismiss and found that the district was the prevailing party, and that should be upheld. The fact that in a motion hearing, which was … How do you explain the fact that the district ultimately did disclose the information that was requested under the FOIA? I mean, what circumstances did change? Your Honor, a year had passed, and the district court actually even looked up the grand jury statute to determine what the typical course was and what the potential for continuations were, and stated on the record that because nearly a year had passed in time, he felt that whatever surprise or confidential nature there was with this precise evidence that had been turned over was there would no longer be a surprise to anyone. A year later, there had been some significant reporting in the press on it and so forth. There was no testimony as to that. Nobody testified that the impact of the disclosure on the investigation changed. This was something that the court investigated on its own. I think the court was just considering the fact that so much time had passed, and that when the subpoena was initially served on the district, it was just two days later that the FOIA request was sent to the district. The documents and records requested had not even been produced yet to the grand jury, so there was significant threat of interference at that point when the grand jury subpoena had yet to be complied with. And I think the court felt that a year later, when presumably compliance has taken place and a long period of time has taken place within which time the grand jury could have been investigating, that the impact would have been lessened. So why not produce the names? The names, Your Honor, are subject to significant privacy protection. The plaintiff hangs its hat essentially on the argument that because these individuals are named in the subpoena, that that bears on their public employment. And I would argue that that paints the FOIA statute exemption with too broad of a brush. Let me ask you this before you go further. How many of the names that were redacted were non-public employees? They were all public employees to my knowledge. Under plaintiff's definition, any public record that identifies a public employee in the context of their employment cannot be privileged under 7.1c. But I would argue that there are many such records that are still private, even if they name a public employee in the context of their employment. For example, if there's a public record that describes an injury in graphic detail that a public employee sustains while working, I would argue that there is privacy that attaches to that record based on the circumstances surrounding that record. Well, for example... But let's talk about the record in this case. Sure. Were there any exceptions claimed, such as you've described, an employee injury, for example? No. No, Your Honor. So I didn't see any exceptions that were claimed that would have prohibited the names of the employees, the public employees, from being disclosed. What do you have to say about the record? Yes. I would ask, Your Honor, to take into consideration the federal Judicial Watch case where a grand jury had been investigating the Secretary of State Hillary Clinton at the time. And a draft indictment had been prepared but was never issued. And in that case, a FOIA requester sought a copy of that draft indictment. And the federal court held in that case that a public employee doesn't shed their privacy interests just because they take on public employment. And in the context of a criminal indictment, or in this case, a grand jury investigation, the threat of someone's reputation being completely smeared just because they're named in a subpoena doesn't mean they did anything wrong. They could be incidentally identified, or they could be a target, and they could be exonerated by a grand jury. We just don't know. And in this case, to date, no one has been charged. So... And in the Likoyevich case, were names released? In that case, the entire subpoena was released. So how do you square your case with the Likoyevich case? There was also a letter from the U.S. Attorney in Likoyevich. Right. Right. I think our case is distinguishable factually and legally from Likoyevich. How? Okay. So first of all, factually, I understand that there was a letter from the Department of Justice in the Likoyevich case. However, in that case, the timeline was as follows. The motion hearings go all the way through with no objection, no letter from the DOJ presented to the trial court. Nothing. On a motion to reconsider, the Department of Justice submits a very short letter just claiming interference after the motion hearing had already been conducted. In our case, we produced to the trial court immediately upon being served with the lawsuit when we filed our motion to dismiss two letters from the Department of Justice articulating their strong objection based on interference with their investigation. In Likoyevich, the court specifically said in that case, had the Department of Justice timely articulated their objections, it would have given those objections respectful consideration. But because the DOJ sat on their hands and did nothing while the case went through motion practice and then sort of scrambled and put a letter together, the court did not give the letter any weight but did note that it was basing its opinion on the facts in that case. Here, our situation is different. The DOJ has held firm to that objection from the start of the litigation, made it clear to the court that it was objecting based on the interference. And, you know, releasing the names goes to both the privacy exemption and the investigation interference exemption. Well, that's what I was going to ask you because with regard to the letters from the DOJ and then subsequently a year later, I believe you said, when the court ordered the redacted subpoena to be released, are there still interference issues at that point? Or is it solely on the privacy issue? Well, I think, you know, potentially there could still be interference exemptions. The court was basing it on the fact that it had given the grand jury a year to conduct whatever investigation it needed. Presumably it decided that it had done its duty and it was probably over. Exactly. Exactly. And at that time, no one had been charged to date. No one has been charged. So I do think our situation is clearly distinguishable from Rogojevich, based on the fact that Rogojevich itself recognized that had well-articulated objections been presented to it in a timely manner, they would have been given respectful consideration. And in that case, they weren't given in a timely manner. In our case, they definitely were. But ultimately in Rogojevich, the names of the public employees were disclosed. I believe that to be the case, Your Honor. However, I actually shouldn't comment on that because I believe it may have been remanded and I didn't follow the case after that to determine exactly what happened. But I would be happy to look into that and provide further briefing if the court would. So the argument, as Justice Barbera was indicating, is based on the privacy exemption from the release of public employee names. In this case. In this case, yes. They are arguing that under the privacy exemptions, the names. In other words, the letters from the DOJ are really irrelevant to the privacy issue. Well, they're not irrelevant to the privacy issue because the privacy issue existed from the start of this litigation and. I understand that the DOJ's only interest in the privacy issue was the ongoing investigation and the interference with that. Well, the DOJ also relied upon the fact that there is a privacy concern with respect to employees, even if they are public employees, with their names being identified. And I would argue it's sort of similar to a situation where, in this case, we're dealing with a grand jury subpoena being served on a public body asking for certain information on public employees. An analogous situation would be a FOIA requester sending a FOIA request to a public body for information on public employees. In that circumstance, I don't think that it would be appropriate to. I don't think it would be appropriate to consider that FOIA request a public record that bears on the duties of the public employees whose information was requested. It doesn't evaluate their employment. It doesn't critique their employment. It's distinguishable from the GECCS circumstances, which counsel referenced, where actual complaints about employees were requested here. We don't know why the individuals were named. So you cannot leave the logic to say that just because they're identified in a subpoena, as people who the DOJ may want records regarding, that this somehow implicates them in a crime for the malfeasance of their job duties. So the court found that your original denial of the FOIA request was proper. Correct. Based on the investigation. Correct. Correct. Well, the court adopted all of the arguments that we made with respect to the initial denial. So with regard to prevailing party, that's the basis of your argument? Yes, Your Honor, because under the Green case, the Supreme Court, or rather the First District in Green, I'm sorry. The court in Green said that it is appropriate for the court to judge the circumstances supporting the denial at the time that the request is received, which was in June of 2023 of this case, two days after the grand jury subpoena had been served. So the Green court was specific to point out that because circumstances change while a FOIA case like this is pending, which could last years, it is absurd that when a denial is appropriate at the time of the request and circumstances change, then prompting the disclosure at a later point, that the plaintiff can then recover fees as a prevailing party, even though the circumstances at the time of the initial request justified withholding information. Well, I saw where there was a request of the court that the FOIA request be reissued. And the court said, why take an extra step? It seems to me that since FOIA is determined at the time of the issuance of the FOIA request, that that also impacts the prevailing party issue. Do you agree with that? In other words, if they would have reissued the FOIA request on the day of the hearing, the school district would have released the information. Correct. And I think the court was trying to be expeditious. It was sort of asking if there was a de facto FOIA request, if they would be making one again based on the court's ruling. And counsel said yes at the hearing. And the court said, well, why take one extra step? If you're going to request it, counsel, just produce it. And I would actually refer this court to its own decision. I think it was an unreported decision, Watkins, if the name I'm recollecting is correct. In that case, when the FOIA response was initially made, the requester was a DOC inmate asking for some administrative rules, which were exempt under FOIA. So the response was appropriate at the time that it was made. However, while the lawsuit was pending, circumstances changed, and the inmate was transferred to another facility where he couldn't get the administrative rules through internal procedures. So in that case, the court ordered the respondent to provide the administrative rules at that time. There was a court order in that case, and the court still found that the defendant was the prevailing party because there was not. Thank you. That the requester was not the prevailing party because the response was appropriate based on the circumstances that existed at the time of the initial request. But under the Catalyst Theory, as Mr. Levy suggested, and that's well reported in Decisions of the Catalyst Theory, if this court decides that the names should be produced, do you think that that makes the appellant the prevailing party under those circumstances? I think that, Your Honor, my position would be that the names were exempt at the time of the request based on the interference plus the privacy issue. So I think that all that this court is looking at is our initial response and whether it was appropriate based on those exemptions. And whether the court's order a year later to release it with fewer exemptions would somehow make them a prevailing party. I don't think that if this court demands at this time and orders that the subpoena be released with the names, it's going to make them the prevailing party because we still look at the circumstances that existed at the time of the request. And at the time of the request, those names being issued were protected both by 7.1c, the privacy exemption, and 7.1d.1 and 7.1d.7. So you don't think they would be the prevailing party if this court rules that the names be released? I think it would be sort of like the situation in this court's decision in Watkins. Even though there is an order later on in the proceeding, if the response was appropriate at the time of the request, they're not the prevailing party. Thank you. Okay, thank you for your argument. Thank you. Thank you very much, Your Honors. Maybe I'll start with where you ended with counsel. And that is, again, to reemphasize that if this court were to ultimately determine that defendant did not, that these records are not properly exempt under 7.1c and remand this case for that determination, Plaintiff would absolutely, under any case precedent I could think of, be a prevailing party for purposes of FOIA. Because at that point, again, there's the two ways we've already discussed that a plaintiff can be considered a prevailing party. They receive court-ordered relief, or when they're the catalyst for the ultimate relief that they're seeking. And in this instance, if it's ordered that defendant needs to withdraw the redactions that were improperly claimed, that's the exact type of court-ordered relief that's contemplated under 11i. And so I would suggest that at that point, the analysis is over. Plaintiff is the prevailing party for FOIA purposes. Let me interrupt you there. This court could decide that the order of the trial court was incorrect at the time it entered its requirement that the subpoena be released with redactions because it did not require you to issue another FOIA request. In other words, the court found that at the time the FOIA request was issued, the denial was okay. But a year later, without the issuance of a second FOIA, now the court is saying, okay, school district, you need to disclose some information in the subpoena because time has passed. So you don't become the prevailing party under those circumstances because at the time the denial was issued, the court found that was appropriate. I would respectfully disagree with that, Your Honor. And here's why. Now, I fully acknowledge that the order that we're presented with does present some contradictions that we have to work through. But at the time that the court ordered these records to be released, while I'm loathe to say, as somebody whose entire practice is based on the Freedom of Information Act, I'm loathe to say that a court should ever not order records released. But if it was the court's position that the exemptions were proper, there was no basis for it to order a release at that time. But it did do that. Defendant did not appeal that determination and, in fact, complied with that order. And that's brought us to where we are. So at the time that that request was complied, I'm sorry, that court order was complied with, that's when plaintiff became a prevailing party for FOIA purposes. Well, I'm just looking at the record that says, by the court that says, I'm going to find that your initial withholding of this information was well-founded. However, at this point in time, it can be released to them, redacting the name. So the court clearly found that at the time of the denial, the withholding of the information was, quote, well-founded. So now time has passed, a year has passed, and now you're looking at the denial without a second FOIA request. Because, as you know, the time for examining the denial is when the FOIA request is issued, right? It is. And that, yes. Now, here's our response to that, Your Honor. As some of the arguments that defended me that the court adopted was, again, the argument that under, that grand jury secrecy is such a prime, of such prime importance, that it must be honored, and then under 718, records related to the grand jury are exempt. There, again, is no temporal restriction in that, in that, in that argument, in that exemption. So if it was exempt at the time of the response, there's no basis, at least in terms of 718, for it to then become, you know, there's no change, circumstances that could change such that it would be releasable. So in that sense, the court's order does, I would say, respectfully contradict itself, because it's, you know, I think there was some focus on the 7-1-D argument, the idea of whether or not releasing the information would interfere with the ongoing investigation. But defendant also made the argument that these records were exempt for, just based purely on grand jury secrecy and criminal rule procedure 6E. And those, there's no record that any circumstances would have changed such that the records could be released then. So we do have something of a contradiction in the court's order. And again, we would posit that, based on that, while I hate to say that a public body should not release records, if their, if their position was that they were correct and did not need to release the records, they could, had the opportunity to insist that plaintiff did make a new FOIA request, which would have left a cleaner record. Although that said, plaintiff still would have needed the opportunity to appeal the 7-1-C privacy exemptions, because that, regardless, plaintiff believes were, were inappropriate. So, but, but none of those things happened. We have, what we have is an order compelling the public body to give plaintiff the exact record, the exact relief that it sought, and the public body did that. Two, I don't know how I'm doing on time. You're actually out of time. Perfect. Do you want to close your comments? Yes, thank you. And just thank you again for your time this morning, Your Honor. We would ask that this court reverse the circuit court's finding that the names are exempt under 7-1-C, and reverse the circuit court's finding that plaintiff was not a prevailing party, finding that it was so, and remand this case for un-reduction and plaintiff's defection. Thank you very much. Thank you. Any other questions? No.  That concludes the argument, 524-0811. This matter, and thank you, counsel, for your arguments. This matter will be taken under revised conclusion in order to due course.